IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Willie Lee Casper III,<br>Petitioner, | )<br>)<br>) |
| v. | )     1:16cv139 (GBL/TCB) |
| | ) |
| Harold W. Clarke,<br>Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

This matter comes before the Court on respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case concerns claims asserted by petitioner, Willie Lee Casper III, a Virginia inmate proceeding pro se. Respondent filed a Motion to Dismiss with a Brief in Support on August 16, 2016, and petitioner responded on August 22, 2016. Dkt. Nos. 15, 17, 20. The issue before the Court is whether the state habeas decisions are entitled to deference. The Court concludes that nothing in the state court record indicates that the state habeas court decisions were either contrary to, or an unreasonable application of, clearly established federal law, nor did those decisions involve an unreasonable determination of the facts, and therefore, respondent's Motion to Dismiss must be granted and the petition will be dismissed, with prejudice.

### I. Background

The record reflects the following. Petitioner is detained pursuant to a final judgment of the Circuit Court of the City of Chesapeake, entered September 12, 2014. Motion to Dismiss at Ex. 1. Pursuant to a plea agreement, petitioner pled guilty to five counts of concealment in violation of Virginia Code § 18.2-103, four counts of grand larceny with intent to sell in violation of Virginia Code § 18.2-108.01, and one count of conspiracy to commit grand larceny

in violation of Virginia Code § 18.2-23(B). Id. at Ex. 3. Petitioner was sentenced to forty years imprisonment, with thirty-one years suspended. Id. at Ex. 1. Petitioner did not file a direct appeal of his convictions. Dkt. No. 1.

On March 20, 2014, petitioner signed a Stipulation of Evidence. Motion to Dismiss at Ex. 4. That same day, petitioner pled guilty pursuant to the terms of the plea agreement and the trial court conducted a plea colloquy. Id. at Ex. 5. On June 27, 2014, the trial court granted petitioner's original trial counsel's motion for leave to withdraw and appointed Ms. Jo Anne Spencer to represent petitioner. Id. at Ex. 6. The trial court also withheld ruling on petitioner's pro se motion to withdraw his pleas of guilty. Id. On August 25, 2014, petitioner withdrew his motion to withdraw his pleas of guilty and he was sentenced by the trial court. Id. at Ex. 7. Petitioner later learned that Spencer was employed by the trial judge from 1999 to 2001 when the trial judge was in private practice. Id. at Ex. 9.

Petitioner filed a timely petition for a writ of habeas corpus in the Supreme Court of Virginia on June 17, 2015. Id. at Ex. 8. The Supreme Court of Virginia dismissed the habeas petition by order dated January 8, 2016. Id.

On January 27, 2016, petitioner filed the instant federal petition, wherein he challenges his conviction by alleging:

1. Violation of petitioner's right to counsel of choice.

2. Potential conflict of interest.

3. Ineffective assistance of counsel.

4. Denial of petitioner's Due Process rights.

     5. Violation of petitioner's Sixth Amendment rights.

See Dkt. No. 1.

## II. Standard of Review

### A. Federal Petition for Writ of Habeas Corpus

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

     The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing

the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand"). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell, 535 U.S. at 695; Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). When a petitioner claims that his counsel was ineffective based on a conflict of interest, "to void the conviction ... petitioner [must] establish that the conflict of interest adversely affected his counsel's performance." Mickens v. Taylor, 535 U.S. 162, 174 (2002).

### III. Analysis

#### A. Claims One, Two, Four and Five

Petitioner alleges that the trial court's appointment of Spencer as petitioner's counsel was an act of judicial misconduct because Spencer was employed by the trial judge from 1999 to 2001. Specifically, petitioner argues, the trial judge picked Spencer "to represent [petitioner] before him in his court room for his own personal prejudice and bias reasons, [the trial judge] committed a violation of professional misconduct." Dkt. No. 1. Neither the trial judge nor

Spencer disclosed to petitioner that Spencer was a former employee of the trial judge; however, petitioner argues, they should have in order to allow petitioner the right to have his counsel of choice. In fact, petitioner states, he would have hired his own counsel, withdrawn his pleas of guilty, and proceeded to trial if he had been informed of the fact that Spencer had been employed by the trial judge. Petitioner claims that "the failure of the trial court to give petitioner reasonable time and the opportunity to secure counsel was a clear denial of due process." Id.

Petitioner argues that he should have been notified of any potential conflict of interest and that "[i]t is very clear and obvious that counselor [Spencer] was in cahoost [sic] with the presiding judge ... and the prosecuter [sic] ... to conspirer [sic] against [petitioner] to advise [petitioner] to drop his motion to withdraw [his] guilty pleas, it is plainly clear to see that is the reason why [the trial judge] pickd [sic] [Spencer] over [the attorney of the day]." Dkt. No. 1.

The state habeas court dismissed these claims, finding that "[p]etitioner fails to establish the earlier professional relationship between counsel and the trial judge influenced either counsel's or the judge's actions or that the judge exhibited such a 'high degree of favoritism or antagonism as to make fair judgment impossible.' Liteky v. United States, 510 U.S. 540, 555 (1994)." Record No. 150960.

> [W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers. The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court. Similarly, a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant.

Wheat v. United States, 486 U.S. 153, 158–59 (1988).

> Also fundamental to the Sixth Amendment analysis "is the right of a defendant who does not require appointed counsel to choose who will represent him." [United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006)]. Indeed, it has long been recognized by the Supreme Court that a defendant with adequate funds "should be afforded a fair opportunity to secure counsel of his own choice." Powell v. Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This right to representation by a defendant's counsel of choice, however, does not likewise extend to defendants who are financially indigent. See Gonzalez-Lopez, 126 S.Ct. at 2565. Rather, it is well-established that "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." Caplin & Drysdale, Chartered v. U.S., 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989).

United States v. Washington, 457 F. Supp. 2d 684, 686 (E.D. Va. 2006).

Petitioner was appointed counsel, therefore it is reasonable to infer that he could not have afforded to hire counsel otherwise.[1] Thus, in order for petitioner to have a cognizable claim, he must show that he was inadequately represented by trial counsel. Petitioner has not established that he was not adequately represented by Spencer. In addition, petitioner has failed to show that there was any conflict of interest, or that any alleged conflict of interest made his proceedings unfair. Petitioner makes conclusory allegations, with no supporting facts, that Spencer and the trial judge worked together to make petitioner withdraw his motions to withdraw his guilty pleas. Therefore, the state habeas court's determination that Claims One, Two, Four and Five lacked merit, is neither contrary to, nor an unreasonable application of, existing federal law. The state habeas court's determination also does not rest on an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claims One, Two, Four, and Five will be dismissed.

---

[1] During the June 27, 2014 hearing, when appointing petitioner new counsel, the trial judge told petitioner "... I'm going to give you an opportunity to have somebody who you feel comfortable with, and you aren't going to get to pick your lawyer unless you want to hire your own lawyer." Motion to Dismiss at Ex. 6. Petitioner made no indication that he was able to hire his own attorney.

## B. Claim Three

Petitioner claims that Spencer was ineffective because "she failed to raise the issue of a potential conflict in court concerning the fact of her former employment with [the trial judge], [petitioner] should have had the right to reject [Spencer] representing him before [the trial judge] because of the matter." Dkt. No. 1. Petitioner states that Spencer's withholding of this information denied him the option "to have his hearing moved out of [the trial judge's] court room or to have [Spencer] withdraw herself off [petitioner's] case, this was indeed an act of prejudice and bias against [petitioner], but for counsels [sic] errors this constitutes ineffective assistance of counsel ...." Id. Finally, petitioner argues that he does not have to meet the Strickland standard, rather he "just need[s] to demonstrate that the violation was a [sic] invalid waiver and that [his] right to counsel of [his] own choice was also violated ...." Dkt. No. 20.

The state habeas court found that petitioner failed to satisfy both prongs of the Strickland test because

> The record, including counsel's affidavit, demonstrates counsel was employed by the trial judge for three years more than a decade before representing petitioner, is regularly appointed by the court, and has over thirty years of criminal defense experience. Petitioner fails to show counsel's loyalties were divided by counsel's earlier professional relationship with the trial judge or establish how counsel's performance in representing petitioner was adversely affected by the alleged conflict. See Mickens v. Taylor, 535 U.S. 162, 172 (2002). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Record No. 150960. The determination that petitioner failed to establish that Spencer's performance "was adversely affected by the alleged conflict" is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's

8

determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claim Three will be dismissed.

### V. Petitioner's Motion for Summary Judgment

In petitioner's response to respondent's motion to dismiss, petitioner argues that there is no genuine issue of material fact and, therefore, he is entitled to judgment in his favor. For the reasons stated above, petitioner's motion for summary judgment must be denied.

### V. Conclusion

Nothing in the state court record indicates that the state court decisions were either contrary to, or an unreasonable application of, clearly established federal law, nor did those decisions involve an unreasonable determination of the facts. Accordingly, this petition will be dismissed with prejudice by an Order to be issued with this Memorandum Opinion.

Entered this 30th day of September 2016.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge